IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROY MOSLEY | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 05 C 4011 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) Wayne R. Andersen ) District Judge |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the petition of Roy Mosley to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the petition is denied.

## BACKGROUND

Beginning in 1998 and continuing through July 1999, Roy Mosley participated in a scheme with others to possess and distribute mixtures containing cocaine, marijuana and heroin. Mosley was arrested on July 22, 1999, one day after law enforcement officials recorded a conversation between Mosley and the wife of a co-conspirator in which Mosley implicated himself as a member of the conspiracy. On November 10, 1999, a federal grand jury returned a seventeen-count indictment against Mosley and six other defendants. Count I charged the defendant with conspiring to possess with intent to distribute controlled substances, including more than five kilograms of cocaine, more than fifty grams of cocaine base, and more than one kilogram of heroin and marijuana, in violation of 21 U.S.C. § 846. Seven other counts charged Mosley with possessing with intent to distribute controlled substances, in violation of 21 U.S.C. §841(a)(1), and one count charged Mosley with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g).

Mosley made two pretrial motions. On June 22, 2000, Mosley's attorney filed a motion to suppress evidence (approximately 1.5 kilograms of marijuana and three guns) seized from petitioner's home on March 24, 1998, claiming that because this evidence was suppressed by a state court judge, issue preclusion should prevent the government from using this evidence in federal court. On January 29, 2001, Mosley filed a *pro se* motion to suppress a tape recording of a conversation he had with the wife of a co-conspirator in which he implicated himself in the conspiracy, claiming the conversation was recorded without the consent of either party. On February 7, 2001, this Court denied both motions.

On February 21, 2001, Mosley pleaded guilty to Count I of the indictment as part of a conditional plea agreement entered pursuant to FED. R. CRIM. PRO. 11(a)(2). The agreement permitted Mosley to withdraw his guilty plea if an appellate court reversed one or both of the Court's February 7 decisions denying the motion to suppress. (Plea Agreement ¶ 12.) A written plea agreement set out a detailed factual basis for the plea, the two issues petitioner was preserving for appeal, and the various rights Mosley relinquished by pleading guilty. In particular, Paragraph 13 of the Plea Agreement stated:

> "Defendant is also aware that he has the right to challenge his plea and sentence (or the manner in which they were determined) in a collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255. Defendant understands that he may waive this right and that such a waiver is enforceable except as to claims of involuntariness or ineffective assistance of counsel which relate directly to the waiver or its negotiation. In exchange for the concessions made by the United States in this Plea Agreement, and with the exception of the two issues preserved by entry of his conditional plea ... the defendant waives this right to challenge his plea and sentence or the manner in which it was determined in a collateral attack. However, the waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel which relate directly to the negotiation of this waiver."

On December 5, 2002, Mosley was sentenced to 30 years in prison, followed by a five-year period of supervised release after his incarceration. He appealed, seeking to withdraw his guilty plea by alleging that the attorney who helped him negotiate his plea suffered from a

conflict of interest. Mosley's appellate counsel did not raise either of the two issues preserved by his guilty plea. On July 16, 2004, the Seventh Circuit rejected his conflict of interest argument and affirmed Mosley's conviction. *See United States v. Kyser, et. al*, 102 F.App'x 51 (2004). On July 12, 2005, Mosley filed the instant *pro se* petition, raising four claims: (1) the Court improperly accepted a conditional plea; (2) the Court failed to inquire into a potential conflict of interest pertaining to defendant's attorney; (3) the Court improperly participated in plea negotiations; and (4) he received ineffective assistance of counsel.

## DISCUSSION

Under § 2255, an individual can petition a federal court to vacate, set aside, or correct a federal sentence. 28 U.S.C. § 2255 (2006). Such relief is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991). However, a defendant can waive the right to mount a collateral attack in a guilty plea. In *Mason v. United States*, 211 F.3d 1065 (7th Cir. 2000), the Seventh Circuit noted that a waiver is enforceable when it "is knowing and voluntary and ... the defendant cannot establish a claim of ineffective assistance of counsel in connection with negotiating the agreement." *Id.* at 1069, *see also Jones v. United States*, 167 F.3d 1142 (7th Cir. 1999).

### I. The plea agreement

Mosley claims he did not knowingly and voluntarily agree to his plea agreement and he suffered from ineffective assistance of counsel. In *Mason*, which involved a petitioner mounting a § 2255 attack on his sentence, the operative question posed by the Seventh Circuit for determining the validity of the waiver was, "[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" *Mason*, 211 F.3d at 1069. If a valid waiver exists,

3

the right to mount a § 2255 collateral attack "survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones*, 167 F.3d at 1145. (emphasis added); *see also Bridgman v. United States*, 229 F.3d 589 (7th Cir. 2000).

### A. Mosley knowingly and voluntarily agreed to the waiver provision

In *Jones*, the Seventh Circuit considered for the first time whether a defendant who had signed a plea agreement waiving his right to mount a collateral attack via a § 2255 could be bound by that agreement. The court focused on the waiver provision of the plea agreement, noting that "where a waiver is not the product of the defendant's free will – for example, where it has been procured by government coercion or intimidation – the defendant cannot be said to have knowingly and voluntarily relinquished his rights." *Jones*, 167 F.3d at 1145. A defense attorney's conduct can also call the voluntariness of a waiver into question. *See United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999). ("there may be cases where a defendant is not actually 'promised or assured' anything by his lawyer, but a powerful suggestion may have been made")

In evaluating the voluntariness of a waiver, the Seventh Circuit has ruled that great weight should be given to the Rule 11 hearing. "Because a careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary, determining whether the district court abused its discretion depends, in large part, on what the defendant said during the Rule 11 colloquy." *United States v. Schuh*, 289 F.3d 968 (2002) (footnotes omitted). The Seventh Circuit has consistently held that defendants' statements at Rule 11 hearings are presumed truthful, and courts have consistently relied on transcripts of such hearings to establish whether a defendant knowingly and voluntarily agreed to a waiver of his rights. *See, e.g., Bridgman*, 229 F.3d at 592.

4

Mosley argues that he did not knowingly and voluntarily agree to the waiver provision of his plea agreement. However, his plea agreement and the transcript of his Rule 11 colloquy reveal otherwise. The plea agreement, signed by Mosley and his attorney, provides in part:

> "[T]he defendant waives this right to challenge his plea and sentence or the manner in which it was determined in a collateral attack. However, the waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel which relate directly to the negotiation of this waiver."

(Plea Agreement ¶ 13). The waiver provision in this case is materially similar to the provision examined by the *Jones* court. When this Court read the waiver provision of the plea agreement and asked Mosley, "Do you understand all that?" he responded, "Yes." (Tr., February 21, 2001, at 18). Both Mosley and his attorney signed a plea agreement that said, and later told this Court at the Rule 11 hearing that there had been, no additional promises, representations, or agreements other than those set forth in the plea agreement. (Tr., February 21, 2001, at 21.)

Nevertheless, Mosley now attempts to claim that his consent to the plea agreement was conditioned upon him being able to appeal the two issues preserved in his guilty plea. Because those issues were never appealed, Mosley argues that his consent to the plea agreement in its entirety was not made knowingly and voluntarily. However, the waiver and plea agreement do not mandate that the two preserved issues must actually be appealed. Instead, they merely allow Mosley to withdraw his plea if those issues were appealed and this Court's decision was overturned.

As *Jones* indicates, the only relevant issue is whether Mosley knowingly and voluntarily agreed to the waiver provision. Mosley's plea agreement and the transcript of his Rule 11 colloquy reveal that he knowingly and voluntarily waived his § 2255 rights. Moreover, there is no indication that Mosley's attorney made "a powerful suggestion ... that impacted the defendant's choice to plead guilty," *Martinez*, 169 F.3d at 1054. Thus, the Court finds that because the waiver provision was agreed to knowingly and voluntarily, the waiver provision is

5

valid and bars all claims except those that relate to "ineffective assistance of counsel which relate directly to the negotiation of the waiver." (Plea Agreement ¶ 12.)

### B. Mosley did not receive ineffective assistance of counsel in negotiating the plea agreement

Mosley raises four claims of incompetent representation related to the negotiation of the plea agreement: (1) his pre-trial attorneys suffered from a conflict of interest that prejudiced him; (2) his pre-trial attorneys failed to investigate two of the charges against him; (3) his pre-trial attorneys misrepresented the potential length of his sentence; and (4) his pre-trial attorneys improperly agreed to a conditional plea because the two issues preserved for appeal were non-case-dispositive.

Although there is language in some Seventh Circuit cases that indicates that claims of ineffective assistance of counsel are limited to the negotiation of the waiver provision only, *see Mason*, 211 F.3d at 1069 (noting that the defendant did not "claim that he received ineffective assistance of counsel with respect to the negotiation of the waiver"), most cases permit a petitioner to mount a collateral attack regarding any ineffective assistance of counsel related to the negotiation of the plea agreement itself. For example, *Jones* supports the proposition that "a claim of ineffective assistance of counsel in connection with the negotiation of a [plea] agreement cannot be barred by the agreement itself – the very product of the alleged ineffectiveness." *Jones*, 167 F.3d at 1145. *See also Bridgman*, 229 F.3d at 591.

When analyzing a claim for ineffective assistance of counsel, the court applies the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To successfully establish an ineffective assistance of counsel claim, a petitioner must provide evidence that his attorney's performance fell below an objective standard of reasonableness (the "performance" prong) and that the counsel's deficiencies prejudiced his defense (the "prejudice" prong). *Id.*, at 688-92. Failure to prove either prong is fatal to an ineffectiveness claim. *Chichakly v. United States*, 926

F.2d 624, 630 (7th Cir. 1991). Under the performance prong, courts begin their analysis with a strong presumption that counsel rendered reasonably effective assistance. *United States v. Moralez*, 964 F.2d 677, 683 (7th Cir. 1992). A defendant bears the burden of establishing that his attorney was ineffective. *Reeves v. United States*, 255 F.3d 389, 393 (7th Cir. 2001). Under the prejudice prong, in the context of a guilty plea, a petitioner must establish with objective evidence a reasonable probability that but-for counsel's advice, the defendant would not have accepted the plea. *McCleese v. United States*, 75 F.3d 1174 (7th Cir. 1996).

First, Mosley argues he was prejudiced by a conflict of interest. Mosley previously raised this argument in a motion to withdraw his guilty plea in 2002. This Court denied his motion after a three-day hearing, a decision the Seventh Circuit unanimously affirmed on appeal by ruling (1) no evidence of an actual conflict of interest existed, and (2) even if a conflict existed, Mosley waived the conflict by continuing to seek his attorney's advice. *Kyser*, 102 F.App'x at 54. Because Mosley makes no new allegations related to a conflict of interest in his § 2255 petition, the Court likewise finds no conflict.

Second, Mosley claims he suffered from ineffective assistance of counsel because his pre-trial attorneys failed to investigate and file motions to suppress Counts X and XI of the superseding indictment, which were dismissed as part of the plea agreement. The Seventh Circuit's decision in *Hardamon v. United States*, 319 F.3d 943 (7th Cir. 2001), is particularly enlightening in this instance. In *Hardamon*, the petitioner challenged his guilty plea by arguing that his attorney failed to investigate the case. In dismissing the petition, the court noted that a party alleging ineffective assistance of counsel bears the "burden of providing the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Hardamon*, 319 F.3d at 951. Here, because Counts X and XI were dismissed, it is difficult to see how Mosley was prejudiced by his attorney's alleged failure to

investigate the charges. In any event, Mosley does not demonstrate in his petition "what evidence an investigation would have uncovered" and therefore "cannot show that his attorney's failure to conduct an investigation was objectively unreasonable." *Kratz v. United States*, 79 F.App'x 932, 934 (7th Cir. 2003).

Third, Mosley claims he was prejudiced because his attorneys misrepresented the potential length of his sentence. The Seventh Circuit has evaluated similar claims under an ineffective assistance of counsel rubric, rather than considering them barred by a waiver provision in a plea agreement. *See, e.g., Martinez*, 169 F.3d 1049; *Bridgman*, 229 F.3d 589. In *Martinez*, the petitioner claimed that he was prejudiced because his attorney promised him a five-year sentence, when he actually received a thirteen-year sentence. The Seventh Circuit rejected the petitioner's claim, noting that evidence must exist of the "attorney's lack of a good-faith effort to discover and analyze relevant facts and discuss them with the client" and that the Rule 11 hearing can be used to evaluate whether any promises or assurances were used to induce a defendant's guilty plea, including any representation about potential sentences. *Id.*, at 1053.

Mosley's argument is analogous to the unsuccessful claim set forth in *Martinez*. Mosley contends in his § 2255 petition that his attorneys promised that he would receive "the minimal or the low end of the guideline[, w]hich was explained to me to be between 10 or 12 years, at the most ..." (Petitioner's Memorandum, at 39.) However, Mosley's plea agreement provided that the charge to which he pleaded guilty carried a punishment ranging between 10 years to life in prison. (Plea Agreement ¶ 8). At his Rule 11 hearing, when this Court read the possible range of punishment and asked petitioner, "Do you understand these potential penalties?" the petitioner responded, "Yes." (Tr., February 21, 2001, at 14.) Additionally, the following exchange demonstrates that Mosley agreed there had been no additional representations made to him:

> THE COURT: If you and your attorney acknowledge once more that no threats, promises or representations have been made, nor agreements reached, other

> than those set forth in the agreement to cause you to plead guilty, I will accept the plea.
> Is all that – is that true, Mr. Milner [petitioner's trial attorney]?
> THE DEFENDANT: Yes.
> MR. MILNER: Yes, your Honor.
> THE COURT: Mr. Mosley?
> THE DEFENDANT: Yes.

(Tr., February 21, 2001, at 21). Furthermore, Mosley's petition presents no evidence that his attorney did not undertake a good-faith effort to discovery and analyze relevant facts. Therefore, he cannot claim that he was deprived of effective assistance of counsel in this regard.

Fourth, Mosley claims he suffered from ineffective assistance of counsel because his attorneys negotiated an invalid conditional plea. In support of this proposition, Mosley cites to a variety of cases from various circuits, which note that a valid conditional plea is appropriate only when the matters preserved for appeal are case-dispositive. *See, e.g., United States v. Yasak*, 884 F.3d 996 (7th Cir. 1989). Mosley contends the issues his plea preserved for appeal were not actually case-dispositive, because if the Court of Appeals ruled in his favor, the government would be free to proceed with prosecution of any of the charges against him.

However, Mosley misstates the applicable law. The Seventh Circuit has ruled that an issue is case-dispositive if it permits the defendant to withdraw his guilty plea. *See Yasak*, 884 F.2d at 999-1000 (describing the reasoning of the Second Circuit in *United States v. Wong Ching Hing*, 867 F.2d 754, 758 (2nd Cir. 1989)). Here, the plea agreement expressly provides that Mosley would be able to withdraw his guilty plea if an appellate court reversed one or both of the district court's February 7 motions. (Plea Agreement ¶ 12.) Therefore, both issues preserved in the plea are case-dispositive and the conditional plea is valid.

Finally, as a general matter, there is no indication at the time Mosley agreed to his plea bargain that he was dissatisfied with his attorney's negotiation of the waiver provision. At Mosley's Rule 11 hearing, this Court read the waiver provision to Mosley, and Mosley indicated

9

that he understood the clause. (Tr., February 21, 2001, at 18.) Furthermore, Mosley made no claims at his Rule 11 hearing that indicate he was dissatisfied with his counsel's performance with respect to the negotiation of the waiver provision itself.

For the foregoing reasons, the Court finds that the waiver provision and the plea agreement were not negotiated as a result of ineffective assistance of counsel. Petitioner raises a host of other claims related to ineffective assistance of counsel and mounts a collateral attack on his plea by alleging that the Court improperly accepted a conditional plea and that the Court improperly participated in plea negotiations. Because none of these issues relate to ineffective assistance of counsel in negotiating the plea agreement, the waiver provision bars Mosley from raising them.

## II. Ineffective assistance of appellate counsel

Although the waiver provision operates to bar the vast majority of Mosley's ineffective assistance of counsel claims, it does not bar claims related to any ineffectiveness of his appellate counsel regarding the preserved issues. *See, e.g., Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("the right to appointed counsel extends to the first appeal of right ..."). Mosley contends that his appellate counsel should have either (1) challenged the plea itself as invalid, or (2) appealed the issues preserved by Mosley's guilty plea.

In *Smith v. Murray*, 477 U.S. 527 (1986), the Supreme Court directly addressed the issue of how ineffective assistance of counsel at the appellate level should be evaluated when an attorney brings one claim on appeal, but not the claim the petitioner believes should have been brought. *Smith* concerned a state court proceeding at which the defendant objected to the testimony of a psychiatric expert at the sentencing phase of his trial. On appeal, defendant's appellate counsel raised 13 separate claims, but failed to challenge the issue regarding the testimony of the psychiatric expert on appeal because he believed state law was unfavorable to

his client. The Supreme Court held that the decision not to appeal the issue should be evaluated in light of the twin-pronged *Strickland* test. *Smith*, 477 U.S. at 535. Accordingly, to prevail on an ineffective assistance of counsel claim, a petitioner must provide evidence that his attorney's decision not to raise an issue on appeal fell below an objective standard of reasonableness (the "performance" prong) and that the counsel's deficiencies prejudiced his defense because he would have prevailed on the issue on appeal (the "prejudice" prong). *Strickland.*, at 688-92.

Here, Mosley fails to satisfy the prejudice prong of the *Strickland* test. Mosley does not set forth any basis for concluding the Court of Appeals would have ruled in his favor on any of the three issues his attorney decided not appeal. Furthermore, a review of the underlying record convinces us Mosley would not have prevailed on any of the three issues he claims his counsel should have appealed. First, the issues Mosley preserved for appeal are case-dispositive, for reasons previously described, and therefore a valid conditional plea was entered. Second, in moving to suppress the evidence seized in a March 24, 1998 search of his house, Mosley's trial attorney based his argument solely on issue preclusion, claiming that because the warrant was suppressed in a criminal proceeding brought by the state government, the judge's ruling should also bind the federal government. (Tr., February 7, 2001, at 18-20.) This Court denied the motion without prejudice, ruling that issue preclusion does not bind the federal government to a decision made in a state-court proceeding involving a state government. *See United States v. Tirrell*, 120 F.3d 670 (7th Cir. 1997). Moreover, the state court suppressed the search warrant because the affidavit submitted in support of the warrant was not signed, and no such defect existed at the federal level. (Tr., February 7, 2001, at 18-20.) In his petition, Mosley does not indicate, and an analysis of the record does not reveal, another basis upon which his appellate attorney could have challenged the Court's ruling. Third, in moving to suppress the tape recording, Mosley argued no consent to the tape recording existed, claiming the party who

11

agreed to record his conversation was coerced by promises of a lower sentence for her husband. This Court denied the motion without prejudice, ruling that because the wife could not be located, the government could prove the issue of consent by submitting an affidavit from the law enforcement officer involved in arranging the recording. The Court left open the possibility of Mosley reinstating his motion if an adequate affidavit from a law enforcement officer was not available. (Tr., February 7, 2001, at 20-23.) Nothing in the record or in Mosley's petition indicates that the wife did not consent to the recording. Accordingly, the Court finds that Mosley was not deprived of ineffective assistance of counsel at the appellate level.

## CONCLUSION

For the foregoing reasons, the relief sought by Roy Mosley in his petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 is denied, terminating the case.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: June 21, 2006